UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR CLARENCE ANDERSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JOHN DOE,<br><br>　　　　Defendant. | Case No.: 1:20-cv-01620-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF NOT BE ALLOWED TO PROCEED *IN FORMA PAUPERIS* IN THIS ACTION |

　　　　Plaintiff Hector Clarence Anderson is proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　Plaintiff filed the instant action on November 16, 2020.  (ECF No. 1.)  Plaintiff has not paid the filing fee or submitted an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[1]  For the reasons discussed below, the Court recommends that Plaintiff not be allowed to proceed *in forma pauperis* and that Plaintiff instead be required to pay the filing fee if he wishes to proceed with this action.

///

///

---

[1] However, on November 16, 2020, Plaintiff did file a notice regarding the in forma pauperis application stating, "[t]he missing application to proceed I.F.P. is filed with VSP inmate trust office with simple instructions to use pre-addressed paid-postage envelope and send directly to the court, today."  (ECF No. 2.)

1

# I.

# DISCUSSION

The Prison Litigation Reform Act of 1995 (PLRA) was enacted "to curb frivolous prisoner complaints and appeals." Silva v. Di Vittorio, 658 F.3d 1090, 1099-1100 (9th Cir. 2011). Pursuant to the PLRA, the in forma pauperis statue was amended to include section 1915(g), a non-merits related screening device which precludes prisoners with three or more "strikes" from proceeding in forma pauperis unless they are under imminent danger of serious physical injury. 28 U.S.C. § 1915(g); Andrews v. Cervantes, 493 F.3d 1047, 1050 (9th Cir. 2007). The statute provides that "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A review of the actions filed by Plaintiff reveals that he is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding in forma pauperis unless Plaintiff, was, at the time the complaint was filed, under imminent danger of serious physical injury. The Court takes judicial notice of the following cases: (1) Anderson v. Kernan, et al., CAED No. 1:18-cv-00021-LJO-BAM (PC), dismissed for failure to state a claim on August 10, 2018; (2) Anderson v. Silva, CAED No. 8:18-cv-01612-LJO-BAM (PC), dismissed for failure to state a claim on February 20, 2019; and (3) Anderson v. Keefe Commissary Network, LLC, et al., CACD No. 2:19-cv-04892-VAP-FFM, dismissed for failure to state a claim on June 12, 2019. All of these actions were dismissed before Plaintiff filed the present action on November 12, 2020. Plaintiff has been informed in at least one other case that he is subject to § 1915(g). See Anderson v. Kernan, et al., CAED No. 1:19-cv-01048-LJO-SKO (PC), in forma pauperis status denied and dismissed for failure to pay filing fee on November 18, 2019.

The issue now becomes whether Plaintiff has met the imminent danger exception, which requires Plaintiff to show that he is under (1) imminent danger of (2) serious physical injury and which turns on

the conditions he faced at the time he filed his complaint on November 12, 2020.[2]  Andrews, 493 F.3d at 1053-1056.  Conditions which posed imminent danger to Plaintiff at some earlier time are immaterial, as are any subsequent conditions.  Id. at 1053.  While the injury is merely procedural rather than a merits-based review of the claims, the allegations of imminent danger must still be plausible.  Id. at 1055.

      Here, the Court finds that Plaintiff's allegations fail to demonstrate imminent danger of serious physical injury at the time of filing.  Plaintiff contends that his housing pod at Valley State Prison has seven inmates in an area with 25.2 square feet per person.  The prison is currently operating under a modified program restricting access to yard, dayroom, work assignment, education or rehabilitative programs, etc.  Inmates are typically confined to their pods for 20 to 22 hours per day.  When an inmate tests positive for COVID-19 there is zero movement, and inmates are required to pod fed during meal program.  Plaintiff is suffering mental distress and physical restraint and requests to be granted early release from prison.

      While certain inmates may be at high risk for suffering complications from COVID-19, there are not allegations that Plaintiff is a high risk inmate.  Nor has Plaintiff demonstrated that the specific conditions upon which he is housed prevents him from taking basic protective precautions, such as washing his hands frequently and avoiding touching his face and mouth.  Moreover, prison authorities can isolate inmates and employees who have tested positive or who are high risk.  Rather than demonstrating imminent danger of serious physical injury, the gist of Plaintiff's complaint revolves around the lockdown status and his request to be released from prison early.  Accordingly, Plaintiff has failed to plausibly demonstrate that he was in imminent danger of serious physical injury.  Accordingly, the imminent danger exception to § 1915(g)'s three-strikes provision cannot and does not apply here, and Plaintiff is precluded from proceeding *in forma pauperis* in this action.

///

///

///

---

[2] Under the mailbox rule, a prisoner's pleading is "deemed filed when he hands it over to prison authorities for mailing to the relevant court." Houston v. Lack, 487 U.S. 266, 276 (1988); Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009); Huizar v. Carey, 273 F.3d 1220, 1222 (9th Cir. 2001).

## II.

## CONCLUSION AND RECOMMENDATIONS

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that, pursuant to 28 U.S.C. § 1915(g), Plaintiff not be allowed to proceed *in forma pauperis* and instead be directed to pay the $400.00 filing fee in full if he wishes to proceed with this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 18, 2020**

UNITED STATES MAGISTRATE JUDGE