UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR CLARENCE ANDERSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOHN DOE,<br><br>　　　　Defendant. | No. 1:20-cv-01620-DAD-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING *IN FORMA PAUPERIS* STATUS, AND DIRECTING PAYMENT OF FILING FEE<br><br>(Doc. Nos. 2, 5) |

　　　　Plaintiff Hector Clarence Anderson is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On November 16, 2020, plaintiff filed a notice stating he had filed his application to proceed *in forma pauperis* with the "[Valley State Prison] inmate trust office with simple instructions to use [a] pre-addressed and paid-postage envelope and send directly to the Court, today." (Doc. Nos. 2; 5 at 1 n.1.)[1] On November 19, 2020, the assigned magistrate judge issued findings and recommendations, recommending that plaintiff not be allowed to proceed *in forma pauperis* and instead be directed to pay the required filing fee in full if he wishes to proceed with

---

[1] Although the court has yet to receive this mailing, for the purposes of this order, the court will treat this notice as if it were a filed application to proceed *in forma pauperis*.

1  this action because: (1) he is subject to the three strikes bar under 28 U.S.C. § 1915(g); and (2)
2  the allegations in his complaint do not satisfy the "imminent danger of serious physical injury"
3  exception to § 1915(g). (Doc. No. 5.) Those findings and recommendations were served on
4  plaintiff and contained notice that any objections thereto were to be filed within fourteen (14)
5  days from the date of service. (*Id.*) On December 2, 2020, plaintiff's timely-filed objections
6  were docketed. (Doc. No. 7.)

7    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a
8  *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's
9  objections (Doc. No. 7), the court finds the findings and recommendations to be supported by the
10 record and by proper analysis.

11   The pending findings and recommendations found that plaintiff has received dismissal
12 orders that count as strikes under 28 U.S.C. § 1915(g) on at least three prior occasions: (1)
13 *Anderson v. Kernan*, No. 1:18-cv-00021-LJO-BAM (PC) (E.D. Cal.), dismissed for failure to
14 state a cognizable claim on August 10, 2018; (2) *Anderson v. Silva*, No. 1:18-cv-01612-LJO-
15 BAM (PC) (E.D. Cal.), dismissed for failure to state a cognizable claim on February 20, 2019;
16 and (3) *Anderson v. Keefe Commissary Network, LLC*, No. 2:19-cv-04892-VAP-FFM (C.D.
17 Cal.), dismissed for failure to state a cognizable claim, for being frivolous, and for lack of
18 jurisdiction on June 12, 2019. (Doc. No. 5 at 2.) In his objections, plaintiff argues that he is not
19 subject to the three strikes bar of § 1915(g) because in the dismissal in the *Keefe Commissary*
20 *Network* case, the district judge did not check the box next to the descriptor: "This denial may
21 constitute a strike under the 'Three Strikes' provision governing the filing of prisoner suits. *See*
22 *O'Neill v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008)." (Doc. No. 7 at 8–9, 18.) Even if the court
23 were to agree with plaintiff that the form order dismissing his case was insufficient to constitute a
24 /////
25 /////
26 /////
27 /////
28 /////

2

strike under § 1915(g)[2], on September 19, 2019, the Ninth Circuit dismissed the appeal of *Keefe Commissary Network* as frivolous, which also qualifies as a strike under the statute. *See* Order at 1, *Anderson v. Keefe Commissary Network, LLC*, No. 2:19-cv-04892-VAP-FFM (C.D. Cal. Sept. 19, 2019) (Doc. No. 13). As the magistrate judge correctly concluded, plaintiff is subject to the three-strikes provision and may only proceed if he is able to satisfy the imminent danger exception of 28 U.S.C. § 1915(g).

The findings and recommendations' concluded that plaintiff was not in imminent danger of serious physical injury at the time he filed the complaint because he was not at high risk for suffering complications were he to contract COVID-19 and because both plaintiff and the jail were employing efforts to prevent the spread of the disease, such as social distancing, isolation of inmates who test positive for the virus, and frequent handwashing. (Doc. No. 5 at 2–4.) Plaintiff objects by repeating the allegations in his complaint and describing his concerns about contracting COVID-19, which fail to refute these findings. (Doc. No. 7 at 9–15.) Thus, the

---

[2] Indeed, the undersigned does not agree that such is the case:

> The practice of designating dismissals as "strikes" under § 1915(g) in orders of dismissal has been criticized because it is the subsequent courts who must determine whether a plaintiff is barred from maintaining an action in forma pauperis by the three strikes rule. In this regard, the Second Circuit has stated: "[D]istrict courts should not issue these strikes one by one, in their orders of judgment, as they dispose of suits that may ultimately—upon determination at the appropriate time—qualify as strikes under the terms of § 1915(g)." *DeLeon v. Doe*, 361 F.3d 93, 95 (2d Cir. 2004); *see also Andrews v. King*, 398 F.3d 1113, 1119 n.8 (9th Cir. 2005) ("[T]he district court is not required to determine whether the prisoner's case is frivolous, malicious or fails to state a claim and therefore will count as a future strike under § 1915(g)."); *Shabbazz v. Fischer*, No. 9:11-CV-0916 (TJM/ATB), 2012 WL 3241653, at *1 (N.D.N.Y Aug. 7, 2012) ("In other words, a strike may not be assessed at the same time that the action or appeal is dismissed. Instead, it is up to a later judge to determine, when the time is right, whether three previously dismissed actions or appeals might constitute strikes."); *Pough v. Grannis*, 08CV1498–JM (RBB), 2010 WL 3702421, at *13 (S.D. Cal. July 16, 2010) (denying defendants' request that the court designate a dismissal as a strike under § 1915(g) at the time of dismissal).

*Davis v. Kings County Board of Supervisors*, No. 1:18-cv-01667-DAD-EPG, 2019 WL 6888585, at *3, n. 1 (E.D. Cal. 2019)

3

imminent danger exception to § 1915(g)'s three-strikes bar do not apply here, and plaintiff is unable to proceed *in forma pauperis* in this action.  Plaintiff's remaining objections discuss matters unrelated to the request for *in forma pauperis* status.

    Accordingly,

1. The findings and recommendations issued on November 19, 2020 (Doc. No. 5) are adopted in full;
2. Plaintiff's request to proceed *in forma pauperis* (Doc. No. 2) is denied;
3. Within thirty (30) days from the date of service of this order, plaintiff is required to pay in full the $400.00[3] filing fee for this action;
4. Plaintiff's failure to pay the required filing fee as ordered will result in the dismissal of this action without prejudice; and
5. This case is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   **December 16, 2020**

                                                          UNITED STATES DISTRICT JUDGE

---

[3] As of December 1, 2020, the civil case filing fee has been raised from $400 to $402; however, because plaintiff filed prior to this change, he is permitted to file at the rate he would have otherwise been required to pay at the time of filing.  *See Fee Schedule*, U.S. Dist. Ct. for E.D. Cal., http://www.caed.uscourts.gov/caednew/index.cfm/attorney-info/fee-schedule/?keywords=filing; *see also Changes to Miscellaneous Fee Schedules*, U.S. Dist. Ct. for E.D. Cal., http://www.caed.uscourts.gov/caednew/index.cfm/news/amendments-to-the-federal-rules-of-practice-and-procedure/ .