UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR CLARENCE ANDERSON, | No. 1:20-cv-01620-DAD-SAB (PC) |
| Plaintiff, | |
| v. | ORDER DENYING MOTION FOR RECONSIDERATION AND DENYING MOTION TO ADMIT MEDICAL EVIDENCE |
| JOHN DOE, | |
| Defendant. | (Doc. Nos. 9, 10) |

Plaintiff Hector Clarence Anderson is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On December 16, 2020, the undersigned adopted the findings and recommendations issued by the assigned magistrate judge (Doc. No. 5), denied plaintiff's notice[1] to proceed *in forma pauperis*, and directed plaintiff to pay the required filing fee in order to proceed with this action within thirty (30) days. (Doc. No. 8.) On December 28, 2020, plaintiff filed a motion to vacate the December 16, 2020 order under Federal Rule of Civil Procedure 60. (Doc. No. 9.)

/////

---

[1] The court treated this notice as if it were a filed application to proceed *in forma pauperis* for the purposes of the prior order. (Doc. No. 8 at 1 n.1.)

1

Plaintiff also seeks to admit medical evidence in support of his motion for reconsideration. (Doc. No. 10.)

In his motion for reconsideration under Rule 60, plaintiff contends that the court should reconsider its order denying his application to proceed *in forma pauperis* and directing him to pay the required filing fee because the court did not adequately address whether plaintiff qualified for the imminent danger exception under § 1915(g). The undersigned has also reviewed and considered the medical documents and drawings plaintiff has submitted in support of his motion for reconsideration. (Doc. No. 10.) However, none of plaintiff's arguments[2] address the applicable legal standards governing motions for reconsideration. (Doc. No. 8 at 2–4.) Instead, plaintiff merely restates the same arguments related to his health issues and COVID-19, which he had asserted in his objections to the magistrate judge's findings and recommendations (Doc. No. 7 at 3–7, 9–15, and expresses his disagreement with the court's analysis (Doc. No. 8 at 6).

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).

Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F. 3d 877, 890 (9th Cir. 2000) (citation omitted); *see also Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (addressing reconsideration under Rule 60(b)). In seeking reconsideration under Rule 60, the moving party "must demonstrate both injury and circumstances beyond his control." *Harvest*, 531 F.3d at 749 (internal quotation marks and citation omitted).

/////

---

[2] Plaintiff also raises arguments about the "First Amendment right, and the right of access to court and of free speech," none of which are applicable here. (*See* Doc. No. 8 at 5–6.)

2

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original). Further, Local Rule 230(j) requires, in relevant part, that a movant show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

Here, plaintiff's motion does not identify any basis under Rule 60(b) upon which this court should reconsider its order denying his application to proceed *in forma pauperis* and directing him to pay the required filing fee. The undersigned is sympathetic to plaintiff's concerns about the spread of COVID-19 as well as the harshness of the three strikes bar of § 1915(g); however, plaintiff simply has provided no basis under Rule 60(b) to support reconsideration of the court's order.

The undersigned reminds plaintiff that if he wishes to pursue this action, he is required to pay the required filing fee by January 15, 2021, pursuant to the court's December 16, 2020 order. (Doc. No. 8.) Failure to do so may result in dismissal of this action.

Accordingly,

1. Plaintiff's motion for reconsideration (Doc. No. 9) is denied;

2. Plaintiff is required to pay in full the $400.00[3] filing fee for this action by January 15, 2021 as ordered previously (Doc. No. 8);

---

[3] As of December 1, 2020, the civil case filing fee has been raised from $400 to $402; however, because plaintiff filed prior to this change, he is permitted to file at the rate he would have otherwise been required to pay at the time of filing. *See Fee Schedule*, U.S. Dist. Ct. for E.D. Cal., http://www.caed.uscourts.gov/caednew/index.cfm/attorney-info/fee-schedule/?keywords=filing; *see also Changes to Miscellaneous Fee Schedules*, U.S. Dist. Ct. for E.D. Cal., http://www.caed.uscourts.gov/caednew/index.cfm/news/amendments-to-the-federal-rules-of-practice-and-procedure/ .

3

1       3.      Plaintiff's failure to pay the required filing fee as ordered will result in the dismissal of this action without prejudice;

4.      Plaintiff's motion to admit medical evidence (Doc. No. 10) is denied; and

5.      This case is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **January 4, 2021**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE